Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 71 | **DATE** | 7/15/2002 |
| **CASE TITLE** | Jack Webb vs. Chicago P.O. Steven Amato et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants bring a motion in limine to bar evidence and seek a protective order. Defendants' motion is denied. Status hearing set for July 30, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | JUL 16 2002 date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 02 JUL 15 PM 3: 12 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACK WEBB,  )
 )
      Plaintiff,  )
 )
vs.  )  No. 99 C 71
 )
CHICAGO POLICE OFFICERS  )
STEVEN AMATO, Star No. 9788, and  )
JACK DEDORE, Star No. 6889,  )
 )
      Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jack Webb brings this action against Chicago police officers Steven Amato and Jack Dedore alleging wrongful imprisonment in violation of 42 U.S.C. § 1983. Defendants bring a motion *in limine* to bar evidence and seek a protective order. For the following reasons, defendants' motion is denied.

Plaintiff alleges that defendants entered his home without probable cause, improperly arrested him for drug possession and distribution, and provided false testimony against him. While eventually found not guilty of the underlying charges, plaintiff spent over nine months incarcerated, allegedly as a result of defendants' actions. He claims to have a heart condition which he treats with medication taken twice a day. This medication, he says, was removed from his apartment by defendants, who, at some later time, provided it to lock-up personnel. According to plaintiff, the stress of the arrest and a delay in receiving his medication aggravated his heart condition. He says he was treated by medical staff and given a blood thinner by a doctor who did not properly review his medical record. Plaintiff claims that the prescribed blood thinner caused serious physical injury, including speech impairment,



memory loss and brain damage. He claims that defendants are liable for his medical injuries because Amato, and possibly Dedore, knew of his preexisting heart condition.

A section 1983 claim sounds in tort, and the damages available to plaintiff are governed by the principles of tort law. Sparing v. Village of Olympia Fields, 77 F.Supp.2d 891, 902 (1999), *citing* Memphis Comm.Sch. Dist. v. Stachura, 477 U.S.299, 305-06 (1986). In order to recover damages arising from an injury, plaintiff must show that the injury was factually and proximately caused by defendants' wrongdoing. *Id.* Defendants argue that the alleged wrongdoing is not the factual or proximate cause of plaintiff's alleged physical injuries and they are not liable for any injuries sustained after he left their custody and control.

Defendants assert that at most their alleged conduct created a condition making the injury possible, but did not rise to the level of a cause of plaintiff's ill health. Plaintiff has provided deposition testimony that the arrest, the detainment that followed, and the delay in receiving his usual medication all contributed to his state of health when he was treated in the medical wing of the Cook County Department of Corrections. He also alleges that the administration of additional medication by a third party contributed to his injuries. There can be multiple causes for an injury, and plaintiff has shown enough of a connection between defendants' alleged wrongdoing and the injuries he sustained to bring his damages theory before a trier of fact. Lundy v. Whiting Corp., 93 Ill.App.3d 244, 251, 417 N.E.2d 154, 161 (1st Dist. 1981).

Defendants also maintain that plaintiff's injuries were unforeseeable as a matter of law, and any evidence relating to plaintiff's medical injuries is irrelevant. They alternatively argue that the alleged administration of blood thinner constitutes an intervening superseding cause,

breaking any possible liability link to their conduct. Generally, proximate cause is a question for the trier of fact. First Springfield Bank & Trust v. Galman, 188 Ill.2d 252, 256, 720 N.E.2d 1068 (1999). Proximate cause is a legal term representing the common-sense notion that a closer causal connection should be required for liability than an act being the cause in-fact of an injury. Whether defendants' acts are the proximate cause of an injury depends upon whether the injury was of a type that a reasonable person would see as a likely result of their conduct. Id.

A *tortfeasor* may be liable for aggravation to an injury he inflicted, including aggravation from treatment of that injury. Chicago City Ry. Co. v. Saxby, 213 Ill. 275, 277, 72 N.E. 755 (1904); Stoleson v. U.S., 708 F.2d 1217, 1221 (7th Cir. 1983) (under Wisconsin law a *tortfeasor* is liable for aggravation even if it is from negligent treatment of any injury). In one Illinois case the court denied summary judgment to a defendant who was allegedly negligent in maintaining a staircase. Bak v. Burlington Northern, Inc., 93 Ill.App.3d 269, 417 N.E.2d 148 (2d Dist. 1981). In Bak, the plaintiff's decedent died from an overdose of a pain-killing drug, and plaintiff alleged that defendant's negligence in maintaining the stairs was a proximate cause of the overdose. The court found that the passage of time and the decedent's act of taking the overdose of medication did not break the causal chain. Id. at 271. On the other hand, a party's own negligence, a random act of violence or a third party's intentional tort, which causes a plaintiff further injury, can break the chain of foreseeable consequences of a preceding tort. Palay v. United States, 125 F.Supp. 855, 863 (N.D. Ill. 2001); Bak at 272.

Is it foreseeable that wrongly imprisoning someone with a heart condition would result in that person receiving negligent medical treatment? A reasonable jury might find that it is.

For the above reasons, defendants' motion *in limine*, and request for a Rule 26(c) protective order, is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 15, 2002.