

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 71 | **DATE** | 5/16/2003 |
| **CASE TITLE** | Jack Webb vs. Chicago Police Officers Amato et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for partial summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

WAH — courtroom deputy's initials

ED-7 FILED FOR DOCKETING
03 MAY 16 PM 4: 27

Date/time received in Central Clerk's Office

MAY 19 2003 date docketed

Document Number: 66

DOCKETED MAY 1 9 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACK WEBB,               )
                         )
          Plaintiff,     )
                         )
     vs.                 )   No. 99 C 71
                         )
CHICAGO POLICE OFFICERS STEVEN )
AMATO, Star No. 9788, and JACK DEDORE, )
Star No. 6889,           )
                         )
          Defendants.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jack Webb brought this action against Chicago police officers Steven Amato and Jack Dedore alleging wrongful imprisonment in violation of 42 U.S.C. § 1983. Defendants filed a motion seeking partial summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, defendants' motion is denied.

## BACKGROUND

Plaintiff alleges that on August 25, 1997, without probable cause, defendants entered his home and arrested him for drug possession and distribution. He further claims that the officers subsequently offered false testimony against him at his trial. While he was ultimately acquitted of the charges against him, he spent a total of nine months incarcerated, allegedly because of defendants' actions.

Plaintiff has a serious heart condition and alleges that when he was arrested defendants removed his heart medication from his apartment and delivered it to lock-up personnel. Plaintiff claims he was unable to take his medication until the following morning and the delay aggravated his condition. Plaintiff was subsequently treated by medical staff at the jail, where

he alleges that without properly reviewing his medical record, a doctor prescribed a blood thinner. He claims that this improper medication resulted in serous physical harm, including speech impairment, memory loss and brain damage.

Defendants previously filed a motion *in limine* seeking to bar evidence and a motion for a protective order, arguing that evidence relating to plaintiff's medical injuries was not relevant because defendants could not have caused the harm. We denied that motion on July 15, 2002, holding that a reasonable jury could find that plaintiff's physical injuries were a reasonably foreseeable result of a wrongful arrest. Webb v. Amato, 210 F. Supp. 2d 1015 (N.D. Ill. 2002). Defendants now seek partial summary judgment, claiming that the undisputed facts show that they could not have been the cause of plaintiff's injuries.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see* Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). Our function is merely to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

A *tortfeasor* may be liable for the aggravation of an injury he inflicted, even if that aggravation was caused by negligent treatment of the original injury. Chicago City Ry. Co. v. Saxby, 213 Ill. 274, 277, 72 N.E. 755 (1904); Stoleson v. U.S., 708 F.2d 1217, 1221 (7th Cir. 1983). Defendants' actions are a proximate cause of plaintiff's injury if the injury was of the type that was reasonably foreseeable as a result of defendants' conduct. First Springfield Bank & Trust v. Galman, 188 Ill. 2d 252, 256, 242 Ill. Dec. 113, 720 N.E.2d 1068 (1999). Mere passage of time is not enough to break the chain of causation. Bak v. Burlington Northern,

Inc., 93 Ill App. 3d 269, 48 Ill. Dec. 746, 417 N.E.2d 148 (2d Dist. 1981). On the other hand, a party's own negligence, a random act of violence, or a third party's intentional tort, which causes the further injury, may break the chain of foreseeable consequences. Palay v. U.S., 125 F. Supp. 2d 855, 863 (N.D. Ill. 2001).

Defendants do not claim that any of the above events occurred. As such, there is no clear legal break in the chain of causation. As we stated in the July 15, 2002, opinion, we need not decide whether medical treatment leading to physical harm was a foreseeable result of a wrongful arrest. To survive a motion for summary judgment it is enough that a reasonable jury could find that to be the case.

Defendants claim that since the earlier opinion the facts have proven that they were not aware of plaintiff's heart condition and are therefore entitled to summary judgment. Plaintiff still disputes defendants' testimony that they did not know about his condition. Moreover, while this will likely be a factor considered by the jury in determining whether the harm was reasonably foreseeable, it is not enough to entitle defendants to summary judgment. A reasonable jury could find that even without prior knowledge of plaintiff's health conditions, faulty medical treatment while in jail was a reasonably foreseeable result of a wrongful arrest and imprisonment.

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment is denied.

JAMES B. MORAN<br>
Senior Judge, U. S. District Court

May 16, 2003.