# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 71 | **DATE** | 9/2/2003 |
| **CASE TITLE** | Jack Webb vs. Chicago P.O. Amato et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants have filed thirteen motions in limine. Defendants motions in limine nos. 78-3, 78-5, 78-6, 78-8, 78-10 and 78-11 are granted. Defendants motions in limine nos 78-1, 78-9, 78-12 and 78-13 are denied. Defendants motion in limine no. 78-4 is granted in part. Defendants motions in limine nos. 78-2 and 78-7 are deferred.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP - 3 2003

| JACK WEBB | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 99 C 71 |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| STEVEN AMATO, Star No. 9788 and | ) | |
| JACK DEDORE, Star No. 6889, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendants have filed thirteen motions *in limine*. We rule as follows:

1. The motion to bar any claim for lost wages is denied. That plaintiff may rely solely on oral testimony, without any supporting records, goes to credibility.

2. The motion to bar evidence of violations of police regulations or general orders is deferred. We are not advised what police regulations or general orders may be involved, nor is the relevance for impeachment purposes described. Rulings should be deferred until there is a factual context during trial.

3. The motion to bar any reference to defendants' counsel as corporation counsel or city lawyers is granted. We see no useful purpose for such a designation.

4. The motion to bar any reference to a "Code of Silence" is granted in part. Plaintiff is not entitled to engage in a general attack on the Chicago Police Department, although he may seek to develop the theme that the officers involved in the events of August 25, 1997, are protecting each other.



5. The motion to bar references to recent events involving the police using force, such events being unrelated to the events at issue in this lawsuit, is granted.

6. The motion to bar references to indemnification is granted.

7. The motion to bar evidence of prior complaints or lawsuits is deferred until briefing on plaintiff's corresponding motion is complete.

8. The motion to redact disclaimers is granted. What a defendant may have said in a report is clearly admissible as an admission, but the disclaimers, routinely included for reasons unrelated to the substance of the reports, add nothing and would require an explanation.

9. The motion to bar evidence of the disposition of the criminal charge is denied. The jury should not be left to speculate about what happened. Defendants' concerns can be addressed by advising the jury that the burden of proof in the criminal case was proof beyond a reasonable doubt.

10. The motion to bar any statements made by Judge Bertucci is granted.

11. The motion to exclude witnesses is granted.

12. and 13. The motions to bar medical care and medical injury testimony are denied. Plaintiff is entitled to introduce evidence of what his medical needs were, what was furnished to him, and what impact that had, and to argue that the arrest proximately caused injury arising from the delay in receiving medicines or from negligent care, for the reasons previously related in the Memorandum Opinions and Orders of July 14, 2002 and May 16, 2003.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 2, 2003.